UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CR-80056-Rosenberg/Reinhart

18 U.S.C. § 1349
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

v.

BRADLEY LOUIS HISLE,
JOHN HERBERT FARRINGTON, and
CHRISTOPHER JOSEPH LIUZZO,

            Defendants.
_____/

FILED BY_____SW_____D.C.

Apr 10, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

### The Medicare Program

1.     The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.     Medicare was a "health care benefit program," as defined in Title 18, United States Code, Section 24(b).

3.      Part B of the Medicare Program was a medical insurance program that covered, among other things, certain physician and outpatient services, and other health care benefits, items, and services, including durable medical equipment ("DME"), that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME is equipment that is designed for repeated use and for a medical purpose, such as prosthetic limbs, back braces, knee braces, and wheelchairs.

4.      For Florida beneficiaries, Medicare Part B's insurance concerning DME and related health care benefits, items, and services, was administered by CGS Administrators, LLC ("CGS") pursuant to a contract with HHS. Among CGS's responsibilities, it received, adjudicated, and paid the claims of authorized DME suppliers that were seeking reimbursement for the cost of DME and other health care benefits, items, or services supplied or provided to Medicare beneficiaries.

5.      DME companies, physicians, and other health care providers that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services were required to apply for and receive a National Provider Identifier number ("NPI"). In the application, the provider acknowledged that to be able to participate in the Medicare program, the provider must comply with all Medicare-related laws and regulations.

6.      The NPI allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company had supplied to beneficiaries.

7.      Medicare permitted DME companies to submit claims for reimbursement electronically. Each claim required certain important information, including: (a) the Medicare beneficiary's name; (b) the Medicare beneficiary's identification number; (c) the name and NPI of the doctor or other qualified health care provider who ordered the health care benefit, item, or

2

service that was the subject of the claim; (d) the health care benefit, item, or service that was provided or supplied to the beneficiary; (e) the billing codes for each benefit, item, or service; and (f) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

8.      Under Medicare rules and regulations, DME or other related health care benefits, items, or other services must be medically necessary and ordered by a licensed doctor or other licensed, qualified health care provider in order to be reimbursed by Medicare. When electronically submitting a claim, the provider certified that the contents of the form were true, correct, and complete, and that the form was prepared in compliance with the laws and regulations governing the Medicare Program.

9.      Medicare, through CGS, generally would pay a substantial portion of the cost of the DME or related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other qualified health care providers.

10.     Payments under Medicare Part B were often made directly to the DME company rather than to the patient/beneficiary. For this to occur, the beneficiary would assign the right of payment to the DME company or other health care providers. Once such an assignment took place, the DME company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

## Conspirators and Relevant Corporations

11.     Defendant **BRADLEY LOUIS HISLE** was a resident of Palm Beach County, Florida.

12.     Defendant **JOHN HERBERT FARRINGTON** was a resident of Palm Beach County, Florida.

3

13.     Defendant **CHRISTOPHER JOSEPH LIUZZO** was a resident of Palm Beach County, Florida.

14.     Co-conspirator James Russell Hunter III was a resident of Palm Beach County, Florida.

15.     Braceone Medical Supply LLC ("Braceone") was a Florida company with a principal place of business in Palm Beach County, Florida.  It was organized on or about February 13, 2019.  It was purportedly in the business of supplying DME to Medicare beneficiaries.  As of January 21, 2020, Braceone was eligible to receive payments from Medicare for DME supplied to beneficiaries, if the DME was medically necessary.

16.     Soflo Medical Supply LLC ("Soflo") was a Florida company with a principal place of business in Palm Beach County, Florida.  It was organized on or about January 14, 2020.  It was purportedly in the business of supplying DME to Medicare beneficiaries.  As of March 10, 2020, Soflo was eligible to receive payments from Medicare for DME supplied to beneficiaries, if the DME was medically necessary.

17.     Marketing Company 1 was a company with a principal place of business in Vancouver, British Columbia.

### COUNT 1
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

1.     The General Allegations section of this Information is realleged and incorporated by reference as though fully set forth herein.

2.     Beginning in or around February 2020, and continuing through in or around October 2020, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the

Southern District of Florida, and elsewhere, the defendants,

**BRADLEY LOUIS HISLE,**
**JOHN HERBERT FARRINGTON,**
**and**
**CHRISTOPHER JOSEPH LIUZZO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons, known and unknown to the Grand Jury, including James Russell Hunter III, to commit an offense against the United States, that is to knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## Purpose of the Conspiracy

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves and others by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare, and the receipt and transfer of fraud proceeds; and (c) diverting the fraud proceeds for their personal use and benefit.

## Manner and Means of the Conspiracy

4.      The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

a.     The co-conspirators concealed from Medicare and others, the true ownership, control, and/or management of Braceone and Soflo by falsely and fraudulently representing to Medicare that James Russell Hunter III was the sole owner and managing employee of Braceone and Soflo on Form CMS-855S (*i.e.,* the Medicare enrollment application).

b.     The co-conspirators negotiated kickback arrangements with Marketing Company 1 whereby Marketing Company 1 agreed to sell beneficiaries' information and falsified doctors' orders to Braceone and Soflo.

c.     The co-conspirators paid Marketing Company 1 for false and fraudulent doctors' orders that were used to bill Medicare beneficiaries for DME supplies that were not medically necessary and were not requested by the beneficiaries.

d.     Beginning on or about March 13, 2020, and continuing through on or about October 2, 2020, the co-conspirators submitted and caused the submission of false and fraudulent Medicare claims on behalf of Braceone, in the amount of $2,240,640, and Soflo, in the amount of $910,933, for DME supplies that were not medically necessary, nor requested by the beneficiaries as claimed.  Based on these false and fraudulent claims, Medicare paid Braceone approximately $766,541 and Soflo approximately $133,738.

e.     The co-conspirators diverted the fraud proceeds for their personal use and benefit and to further the fraud.

f.     The co-conspirators would and did participate in meetings, perform acts, and make statements to accomplish the objects of and to conceal the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **BRADLEY LOUIS HISLE, JOHN HERBERT FARRINGTON, and CHRISTOPHER JOSEPH LIUZZO,** have an interest.

2.      Upon conviction of any violation of Title 18, United States Code, Section 1349, as alleged in this Information, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3.      The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of approximately $900,279, which represents the total amount of funds involved in or derived from the alleged offense and may be sought as a forfeiture money judgment.

All pursuant to Title 18, United States Code, Section 982(a)(7) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

FILED BY _____ SW _____ D.C.

Apr 10, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**CASE NO.:** 25-CR-80056-Rosenberg/Reinhart

v.

BRADLEY LOUIS HISLE, et al.,

_____/
                    Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☑ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take ___6___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I   ☐ 0 to 5 days              ☐ Petty
   II  ☑ 6 to 10 days             ☐ Minor
   III ☐ 11 to 20 days            ☐ Misdemeanor
   IV  ☐ 21 to 60 days            ☑ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Rodney Smith Case No. 23-CR-80152

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the __Southern__ District of Florida

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
    SHANNON SHAW
    Assistant United States Attorney
    FL Bar No.        92806

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:   **BRADLEY LOUIS HISLE**

Case No: 25-CR-80056-Rosenberg/Reinhart

Count # 1:

Conspiracy to Commit Health Care Fraud.

18 U.S.C. § 1349
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 fine or twice the value of the gross grain or loss, whichever is greater.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**:   **JOHN HERBERT FARRINGTON**

**Case No**: 25-CR-80056-Rosenberg/Reinhart

Count # 1:

Conspiracy to Commit Health Care Fraud.

18 U.S.C. § 1349
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 fine or twice the value of the gross grain or loss, whichever is greater.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant's Name:   **CHRISTOPHER JOSEPH LIUZZO**

Case No: 25-CR-80056-Rosenberg/Reinhart

Count # 1:

Conspiracy to Commit Health Care Fraud.

18 U.S.C. § 1349
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 fine or twice the value of the gross grain or loss, whichever is greater.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 25-CR-80056-Rosenberg/Reinhart |
| | ) | |
| BRADLEY LOUIS HISLE, | ) | |
| *Defendant.* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

HON. RYON M. MCCABE
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. **25-CR-80056-Rosenberg/Reinhart** |
| | ) | |
| JOHN HERBERT FARRINGTON, | ) | |
| *Defendant.* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

HON. RYON M. MCCABE
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 25-CR-80056-Rosenberg/Reinhart |
| | ) | |
| CHRISTOPHER JOSEPH LIUZZO, | ) | |
| *Defendant.* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

HON. RYON M. MCCABE
*Judge's printed name and title*